WEBER MEDICAL TEA CO. v. WEBER et al.

(Circuit Court, E. D. New York. April 25, 1900.)

TRADE-NAMES—UNFAIR COMPETITION—PRELIMINARY INJUNCTION.

Where the rights of parties to the use of certain trade-names and labels have been adjudicated, and the defendants thereafter submitted to counsel for complainants a proposed new form of label, which was by them approved as unobjectionable, another court will not grant a preliminary injunction against the use of such label by defendants on the application of the complainant.[1]

In Equity. Suit for unfair competition. On motion for preliminary injunction.

Goepel & Raegener, for complainant.

James A. Whitney, for defendants.

THOMAS, District Judge. The complainant's assignors, on August 29, 1899, obtained in the supreme court of the state of New York a judgment, which, as to the rights determined therein, is an estoppel upon the defendants herein. After such judgment, the present defendants, with a view of complying therewith, submitted to the counsel for the present complainant the label which is the subject of the present controversy, and such counsel stated that he saw no objection to it, and the defendants thereupon adopted the label, and for such adoption they are accused by the complainant in the present action. It was the impression of the court upon the hearing of the motion for a preliminary injunction that a label which seemed unobjectionable when submitted to the skilled and advised counsel for the complain-

[1] Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165, and Lare v. Harper & Bros., 30 C. C. A. 376.

ant should not be deemed a violation of the complainant's rights within the limits of examination observed upon applications of this nature. The impression is not diminished after an examination of the briefs, and upon that ground alone the motion for a preliminary injunction is denied. The position apparently taken by the defendants, that their tea is now known as "Weber's Tea," may enter into the ultimate decision, but for the purposes of a preliminary injunction the consent above discussed must have the greater influence.